# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| CECIL LEE RUSSELL, #0767303, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 18-0120-JB-MU |
| SAM COCHRAN, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff Cecil Lee Russell, a Mobile County Metro Jail ("Metro Jail") pretrial detainee proceeding *pro se,* filed an action under 42 U.S.C. § 1983, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review of the amended complaint (Doc. 5), it is recommended that, prior to service of process, this action be dismissed without prejudice as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I. Legal Standards for Screening a Complaint for Maliciousness.**

Russell commenced this action by filing a handwritten complaint titled "Petition for Leave to Proceed with Section 1983 Complaint." (Doc. 1). Russell explained that he is seeking permission to file his complaint because he is under a Rule 11 sanctions order imposed by the Fifth Circuit in *Russell v. Harrell,* filed in the United States District Court in Amarillo, Texas, in 1996. (Doc. 1 at 2). He claims that he paid the monetary portion of the sanction in 1997, but the order also requires that he seek permission from a court

before he can file a future complaint.[1]  (*Id.*).  He states, under penalty of perjury, that he is attempting to comply with this requirement, but he does not have access to a law library in the Metro Jail to ascertain if he is in full compliance with the guidelines and that "he will faithfully comply with all Rules of Court."  (*Id.*).

The Court received Russell's complaint on March 14, 2018, without a motion to proceed without prepayment of fees or the payment of the $400 filing/administrative fee.[2] Thus, the Court ordered him to pay the $400 fee or, if he was unable to do so, to file a motion to proceed without prepayment of fees and to file an amended superseding complaint on the Court's § 1983 complaint form.  (Doc. 2 at 1).  The Court also advised him "to carefully read the instructions on the forms and to fully complete the forms," in light of his statement about the Texas sanctions order imposed against him.  (*Id.*).  In response, Russell filed a complaint on this Court's § 1983 complaint form (Doc. 5) and a

---

[1] A copy of the order imposing sanctions against Russell is contained in *Russell v. Davis, Director TDCJ-CID,* 2:16-cv-00056-J-BB (N.D. Tex. 2016) (Doc. 3).  The sanctions order was entered in *Russell v. Harrell,* 2:92-CV-0229 (N.D. Tex. 1997), for Russell's "willingness to abuse the judicial process and contempt for this Court by his inappropriate submissions."  (2:16-cv-00056-J-BB, Doc. 3 at 2).  The court's sanctions order directed the Clerk of the Northern District of Texas to refuse to file all new filings from Russell and to return them to Russell until he has paid the monetary sanction.  (*Id.*).  Upon payment, the Clerk was directed to only file Russell's filings if he obtained permission from an Article III Judge or Magistrate Judge for their filing.  (*Id.*).

Although this sanctions order is addressed to the Clerk of the Court for the Northern District of Texas, sanctions orders are enforceable by other federal Texas courts.  *Balawajder v. Scott,* 160 F.3d 1066, 1068 (5th Cir.), *cert. denied,* 528 U.S. 805 (1999).  Because Russell's action in this Court is subject to dismissal for another reason, *see infra*, the Court is foregoing deciding the propriety of this Court enforcing an extra-circuit order.  However, the recommended disposition of his action would be a reason for not granting permission to file his action if this Court were enforcing the sanctions order.

[2] The filing fee for a non-habeas civil action is $350.00, and the administrative fee for filing a civil action is $50.00 in a non-habeas and non-*ifp* case.  28 U.S.C. § 1914(a) & *Jud. Conf. Schedule of Fees, no. 13* (2016).

Motion to Proceed Without Prepayment of Fees (Doc. 6).

Because Russell is seeking leave to proceed *in forma pauperis* by filing a Motion to Proceed Without Prepayment Fees, the Court is required to screen his amended complaint under 28 U.S.C. § 1915(e)(2)(B). This section requires the dismissal of a prisoner action if it is determined that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).[3]

An action is deemed malicious under § 1915(e)(2)(B)(i) when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs it under penalty of perjury, as such a complaint is an abuse of the judicial process warranting dismissal without prejudice as malicious. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (affirming the counting as a strike under 28 U.S.C. § 1915(g) an action that was dismissed for an abuse of legal process because the inmate lied under penalty of perjury about a prior lawsuit), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 215-17, 127 S.Ct. 910, 930, 166 L.Ed.2d 798 (2007); *see also, e.g., Schmidt v. Navarro*, 576 F. App'x 897, 898-99 (11th Cir. 2014)

---

[3] Under 28 U.S.C. § 1915(h), a prisoner is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. §1915(h). In light of this definition, the undersigned concludes that Russell was a prisoner at the time he filed this action and that 28 U.S.C. § 1915 applies to him. *See Gibson v. City Mun. of New York,* 692 F.3d 198, 202 (2d Cir. 2012) (finding that a person who is held for observation and has his criminal proceedings suspended during the observation period is considered a prisoner under 28 U.S.C. § 1915(h)); *Page v. Torrey,* 201 F.3d 1136, 1140 (9th Cir. 2000) (holding that individuals who file a civil action while "detained as a result of being accused of, convicted of, or sentenced for criminal offenses are 'prisoners' within the definition of . . . 28 U.S.C. § 1915" and only ceased being considered prisoners upon release from custody); *Jordan v. Rogers State Prison,* 2017 WL 3160007, at *1 (S.D. Ga. 2017) (unpublished) (finding no merit to the plaintiff's argument that he was not a prisoner under 28 U.S.C. § 1915(h) because he was only held at the jail "for a hearing or two").

(unpublished) (affirming the action's dismissal as malicious because the plaintiff abused the judicial process when he failed to disclose the existence of two prior federal actions in his complaint signed under penalty of perjury);[4] *Sears v. Haas,* 509 F. App'x 935, 935-36 (11th Cir. 2013) (unpublished) (finding an action's dismissal without prejudice as malicious for an abuse of judicial process was warranted where, in a complaint signed under penalty of perjury, the inmate failed to disclose a case filed just five months before and another case filed six years earlier); *Harris v. Warden*, 498 F. App'x 962, 964 (11th Cir. 2012) (unpublished) (dismissing without prejudice an action for abuse of process when the inmate failed to disclose the type of cases the complaint form required him to disclose); *Jackson v. Florida Dep't of Corrs.*, 491 F. App'x 129, 131-32 (11th Cir. 2012) (unpublished) (affirming the dismissal without prejudice of an inmate's action as malicious because he abused the judicial process when under penalty of perjury he avowed on the complaint form that he had no action dismissed prior to service process even though he had one), *cert. denied*, 569 U.S. 960 (2013); *Redmon v. Lake Cty. Sheriff's Office*, 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (unpublished) (affirming the dismissal without prejudice of the inmate's action that was found to be abusive when he filed a complaint signed under penalty of perjury and did not disclose a prior lawsuit relating to his imprisonment or conditions of imprisonment when the complaint form asked for disclosure of such lawsuits); *Shelton v. Rohrs*, 406 F. App'x 340, 340 (11th Cir. 2010) (unpublished) (affirming the dismissal without prejudice of the inmate's complaint under § 1915(e)(2)(B)(i) for an abuse of process after he checked "no" to the complaint form's

---

[4] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

question asking if he had filed other actions in state or federal court because the case management system reflected he had filed four actions); *Pinson v. Grimes*, 391 F. App'x 797, 799 (11th Cir.) (unpublished) (relying, on *Rivera*, the Eleventh Circuit affirmed the determination of an abuse of the judicial process and the issuance of a strike when the prisoner had listed only two prior cases even though he filed two other federal cases within the preceding month), *cert. denied*, 562 U.S. 1013 (2010).

When an action is dismissed without prejudice as malicious, the Court considers whether the action may be re-filed. *See Schmidt*, 576 F. App'x at 899 (affirming a malicious dismissal without prejudice for plaintiff's failure to advise of prior lawsuits, because the statute of limitations did not bar the complaint's re-filing). When a statute of limitations has expired, a dismissal without prejudice is tantamount to a dismissal with prejudice because the plaintiff is unable to re-file an action, and then the court should consider lesser sanctions. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014) (unpublished); *Hines v. Thomas*, 604 F. App'x 796, 800 (11th Cir. 2015) (unpublished). In Alabama, the statute of limitations for filing a § 1983 action is two years. *Lufkin v. McCallum,* 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), *cert. denied,* 506 U.S. 917 (1992); ALA. CODE § 6-2-38(I).

**II. Analysis.**

This Court's § 1983 complaint form asked Russell to state if he had filed other lawsuits, in state or federal court, that have the same or similar facts involved in his present action or that are related to his imprisonment. (Doc. 5 at 3). Plaintiff answered "no" to the question asking if he had filed a prior lawsuit with similar facts involved in this lawsuit. (*Id.*). And he answered "no" to the question asking if he had filed other lawsuits

5

relating to his imprisonment. (*Id.*). He then signed his complaint under penalty of perjury stating that the facts in his amended complaint were true and correct. (*Id.* at 12). And he responded with "N/A" to the form's other questions about prior lawsuits. (*Id.* at 3).

The Court, in screening the complaint under 28 U.S.C. § 1915(e)(2)(B), discovered in its examination of PACER (Public Access to Court Electronic Records)[5] that Russell previously filed several other actions that he did not acknowledge when he responded with "no" to having filed other lawsuits related to his imprisonment and did not list those lawsuits when the complaint form asked that he list them and that he provide certain information about them, namely, *Russell v. Warren*, 6:92-cv-00570-HWM (E.D. Tex. 1993) (dismissed as frivolous); *Russell v. Tarver,* 6:92-cv-00619-WWJ (E.D. Tex. 1992) (action dismissed with prejudice prior to service of process)[6]; *Russell v. Conway,* 6:94-cv-00308-WWJ (E.D. Tex. 1996) (dismissed on plaintiff's motion after evidentiary hearings); *Russell v. Roy,* 6:95-cv-00317-WWJ (E.D. Tex. 1997)(stipulation of dismissal with prejudice); *Russell v. Dabbs,* 9:94-cv-00095-JH (E.D. Tex. 1994) (dismissed on plaintiff's motion before service); *Russell v. Price,* 9:95-cv-00162-JH-WCR (E.D. Tex. 1996) (dismissed pursuant to sanctions imposed by the Northern District of Texas), *aff'd*

---

[5] The Court takes judicial notice of the U.S. Party/Case Index, PACER Service Center, available at *http://pacer.psc.uscourts.gov*. *Grandinetti v. Clinton*, 2007 WL 1624817, at *1 (M.D. Ala. 2007).

[6] Because this case was not served and was not voluntarily dismissed, a possibility exists that it was dismissed on one of the grounds enumerated under 28 U.S.C. § 1915(g), i.e., it was frivolous or malicious, or failed to state a claim. *See* 28 U.S.C. § 1915(g) (providing that no prisoner shall "bring a civil action or appeal . . . under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury"). If the case was dismissed for one of those reasons, then this action may be considered as a "strike." The docket sheet does not indicate the specific reason for dismissal except to say that dismissal was with prejudice.

(5th Cir. 1996); *Russell v. Amarillo Police Department,* 2:16-cv-00050-J-BB (N.D. Tex. 2016)(enforcing sanction order for failing to follow procedure that requires plaintiff to first obtain permission to file the present civil rights complaint even though he paid the $180 monetary sanction and address, at a minimum, "why the sanctioned party should not be held to the sanction he incurred as a result of his abusive litigation" (Doc. 6)); *Russell v. Lorie Davis, Director of TDCJ-CID,* 2:16-cv-00056-J-BB (N.D. Tex. 2016) (habeas) (dismissed pursuant to the sanction order)[7]; *Russell v. State of Texas,* 2:01-cv-00289-J (N.D. Tex. 2001) (habeas); *Russell v. Harrell,* 2:92-cv-00229-BB (N.D. Tex. 1994) (judgment for defendants after an evidentiary hearing), *aff'd* (5th Cir. 1995);[8] *Russell v. George,* 2:93-cv-00214-J (N.D. Tex. 1994)(voluntarily dismissed before service).

After discovering and reviewing these prior actions, the Court concludes that Russell did not provide the information requested by the complaint form about his prior actions (Doc. 5 at 3), even after the Court in its order pointed out to him to fully complete

---

[7] Document 3 in this action is a copy of the order denying motion for relief from judgment and assessing the sanction, entered on March 26, 1997, in *Russell v. Harrell,* 2:92-cv-0229 (N.D. Tex.).

[8] The sanctions order imposed against Russell was entered in this action. The Fifth Circuit Court of Appeals remanded the case "for the limited purpose of determining whether Russell timely served the motion for new trial." (Dkt. entry, Doc. 68). The Magistrate Judge found that Russell "failed to serve his Motion for New Trial on Dfts within 10 days of entry of Judgment or indeed, at all[, and Russell] has again shown himself to an abuser of the judicial process by a willingness to make false representations to this Court." (Dkt. Entry, Doc. 71). Once the Fifth Circuit affirmed the district court decision (Docs. 72, 73), the district court imposed a $150 sanction in addition to the prior $30 sanction in the action, and also required that once the sanction is paid, "permission by the Court must be given before pltf is allowed to file any new filings." (Dkt. Entry, Doc. 75). *See Russell v. Harrell*, 66 F.3d 321 (5th Cir. 1995) (affirming denial of Rule 60(b) motion in 2:92 cv 229 and recounting relevant events in the case).

On March 11, 2016, Russell filed a motion requesting the Rule 11 sanctions order be vacated or set aside in the interests of justice. (Doc. 82). His motion was denied on March 17, 2017. (Doc. 83). Thus, the sanctions order is still in effect.

the form and to read carefully the form's instructions, particularly in light of him being sanctioned in a prior action. (Doc. 2 at 1). Therefore, when he filed the present amended complaint on August 27, 2018, he knowingly chose not to list his prior actions, (except that he implicitly indicated a prior action by mentioning the sanctions order), and then he proceeded to sign his complaint under penalty of perjury. (*Id.* at 12).

The Court's complaint form requests information about prior actions from a prisoner plaintiff to assist it in determining if the prisoner is barred under 28 U.S.C. § 1915(g) (the "three-strikes" rule), if the action is connected to another action, and if the plaintiff is familiar with litigating his claims. *Doctor v. Nichols*, 2015 WL 5546397, at *3 (N.D. Fla. 2015) (unpublished). When the prisoner fails to provide the information about his prior actions on the complaint form, the Court is deprived of this knowledge to assist it in handling the prisoner's action, which causes the Court to expend more resources and time. (*Id.*).

Moreover, the judicial system is structured so that when a plaintiff files a civil action, he certifies to the court that his signed pleading "to the best of [his] knowledge, information and belief, formed after an inquiry . . . is not being presented for any improper purpose . . . and the factual contentions have evidentiary support. . . ." FED.R.CIV.P. 11(a) & (b)(1) & (2). The purpose of Rule 11 is to impress on the signer his personal responsibility of validating "the truth and legal reasonableness of the document" he is filing, which assists in conserving the court system's resources and in avoiding unnecessary proceedings. *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.,* 498 U.S. 533, 543, 547, 111 S.Ct. 922, 929, 931, 112 L.Ed.2d 1140 (1991).

Because Russell was not truthful to the Court about his prior litigation on his

8

complaint form,[9] his action is subject to being dismissed as malicious for abusing the judicial process. The only reason the Court would not recommend the dismissal without prejudice of this action is if the present action could not be re-filed because the two-year statute of limitations had expired.

An examination of the substance of the complaint reflects that Russell is complaining about his ongoing conditions of his confinement at Metro Jail which began on December 26, 2017. (Doc. 1 at 4). Thus, the two-year of statute of limitations for a § 1983 action has not expired on Russell's claims. Because this action can be re-filed, this action is due to be dismissed without prejudice as malicious.

**III. Conclusion**.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because it is malicious.[10]

---

[9] Plaintiff's lack of truthfulness appears to be a habit inasmuch as the Texas court found that he was not truthful about when he filed his notice of appeal and in the grounds for his complaint, his claim of retaliation, and his appeal. CA :16-cv-00056-J-BB, Doc. 3, at 2. The Texas court also noted that he wrote his filings on toilet paper even when this measure was not necessary. (*Id.*). This Court has also been the recipient of such.

[10] Because this action is recommended for dismissal, it is further recommended that the pending matters in this action be denied as moot. This includes Russell's petition for an emergency injunction. In his petition for injunctive relief, he seeks, among other things, that Defendant Cochran be ordered to provide him with access to a law library because he is representing himself at trial (Doc. 8 at 3), even though counsel was appointed for him (Doc. 5 at 6), and that this Court intervene in various aspects of the state-criminal proceeding against him (Doc. 8 at 7-9). This petition for injunctive relief does not appear to be meritorious. *See Spencer v. Olin*, 616 F. App'x 401, 403 & n.3 (11th Cir. 2015) (unpublished) (finding that abstention was appropriate under *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and that "a *pro se* criminal defendant has no constitutional right of access to a law library or legal materials where counsel has been offered"), *cert. denied,* 136 S.Ct. 1386 (2016); *Edwards v. United States*, 795 F.2d 958, 961 & nn.1 & 3 (11th Cir. 1986) (rejecting a collateral challenge to a criminal conviction that was based on the prisoner's denial of access to the library when he proceeded *pro se* at trial, and concluding that "[w]hen counsel is offered, the alternative of a library is not mandatory"), *cert. denied,* 136 S.Ct. 1386 (2016); *see also Lewis v. Casey*, 518

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 1st day of October, 2018.

s/ P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**

---

U.S. 343, 352, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996) (ruling that the Court in *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), did not establish a free-standing right to a law library as law libraries were only "one constitutionally acceptable method to assure meaningful access to the courts").